IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATLANTIC CITY ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 04-036 C<br>(Judge Futey) |

**PLAINTIFF'S PRE-DISCOVERY CONFERENCE REPORT**

Pursuant to the Court's Order dated April 12, 2004 regarding the Pre-Discovery Conference on April 30, 2004 for the "new" Spent Nuclear Fuel ("SNF") cases, Plaintiff Atlantic City Electric Company ("Atlantic") hereby files this Pre-Discovery Conference Report in the above-referenced matter.

The Order requests that the parties specify their discovery plans and objectives including, but not limited to: (1) the nature and scope of discovery anticipated to be needed to respond to the Government's standard dispositive motion on the rate of acceptance; (2) any circumstance that would affect the timing of discovery or trial; (3) if known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case); and (4) additional responses to the issues raised in defendant's motions to stay or coordinate discovery.

Atlantic's response to each of these items is set forth below.

**Item 1: Discovery On The Rate of Acceptance Issue**

Atlantic does not anticipate requiring any discovery to respond to the Government's standard dispositive motion on the acceptance rate issue. Atlantic is

unaware of any relevance that the rate of acceptance issue, as raised by the Government in the older SNF cases, will have on Atlantic's theories of liability or recovery of just compensation. Atlantic's case is markedly distinct from that of the older SNF cases in which the Government has raised the rate of acceptance issue. As the seller of a nuclear facility, Atlantic's just compensation claims are readily ascertainable without having to consider rate of acceptance issues.

By contrast, the overwhelming majority of the older SNF cases have been filed by the current owner/operators of nuclear facilities that are necessarily grappling with on-going issues linked to DOE's actual future performance, the utilities' mitigation costs, and associated damages resulting from DOE's breach. In those cases, the plaintiffs are seeking to measure their damages based on future events related to the starting date when DOE begins to accept SNF for disposal and the pace with which disposal occurs. The Government's standard motion concerns the applicable rate of acceptance for the fuel as a means of quantifying these plaintiffs' damages, which will principally occur well in the future.

Based on the above, Atlantic does not anticipate requiring any discovery to respond to a motion by the Government on the acceptance rate issue. However, as Atlantic's compensation analysis is not yet complete, Atlantic reserves the right to seek discovery on this issue should it be necessary upon completion of that analysis.

**Item 2: Circumstances Affecting The Timing Of Discovery Or Trial**

Atlantic is presently unaware of any circumstances that should affect the timing of discovery or trial and Atlantic requests that this case proceed expeditiously. Liability against DOE has been established. *See e.g., Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336 (Fed. Cir. 2000). Moreover, quantifying the amount of just

compensation owed to Atlantic should be much less complex and time-consuming than the overwhelming majority of the older cases. As discussed above, those cases have been primarily brought by owner/operators of nuclear facilities, and necessarily involve issues related to DOE's future performance. Thus, many of the issues that impacted the course of discovery in the older cases, such as rate of acceptance, schedule of acceptance, and Greater Than Class C Waste, are likely not applicable in this case. This should enable the parties to proceed expeditiously with discovery and to quickly set a trial date.

**Item 3: Whether Discovery In The Old Cases Would Suffice In The New Case**

Atlantic has not reviewed the consolidated discovery in the older cases, in part due to the Protective Order issued in those cases. Moreover, we understand that the discovery in the older cases primarily involved issues concerning the quantification of damages for current owner/operators of nuclear facilities, such as the rate of acceptance. As discussed above, these issues likely are not relevant to Atlantic, and thus, the previously conducted discovery on these issues will not suffice in this case. Atlantic anticipates the need for discovery that is tailored to its markedly different status as set forth more fully in its complaint.

**Item 4: Comments On Government's Motion To Stay Or Coordinate Discovery**

Atlantic is unaware of any such motion being filed in this case.

Date: April 23, 2004

Respectfully submitted,

/S/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Atlantic City Electric Company*

Of Counsel:
David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2004, I served a copy of the foregoing Plaintiff's Pre-Discovery Conference Report By Atlantic City Electric Company via hand delivery, upon:

Harold Dewitt Lester, Jr.
U.S. Department of Justice
Commercial Litigation Branch
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530

*Attorney for Defendant*

/S/ Richard J. Conway
Richard J. Conway