IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ATLANTIC CITY ELECTRIC COMPANY, )
)
Plaintiff, )
)
v. ) Docket No. 04-36C
)
THE UNITED STATES, )
)
Defendant. )

Courtroom 5
National Courts Building
717 Madison Place, N.W.
Washington, D.C.

Friday,
December 3, 2004

The parties met, pursuant to the notice of the Judge, at 12:57 p.m.

BEFORE: HONORABLE GEORGE W. MILLER
Judge

APPEARANCES:

For the Plaintiff:

RICHARD J. CONWAY, Esquire
NICHOLAS W. MATTIA, JR., Esquire
Dickstein Shapiro Morin & Oshinsky
2101 L Street, N.W.
Washington, D.C. 20037-1526
(202) 828-2235

TODD L. GOODMAN, Esquire
Conectiv
P.O. 231
Wilmington, Delaware 19899-0231
(302) 429-3786

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ATLANTIC CITY ELECTRIC COMPANY, ) | |
| Plaintiff, ) | |
| v. ) | Docket No. 04-36C |
| THE UNITED STATES, ) | |
| Defendant. ) | |

Courtroom 5
National Courts Building
717 Madison Place, N.W.
Washington, D.C.

Friday,
December 3, 2004

The parties met, pursuant to the notice of the Judge, at 12:57 p.m.

BEFORE: HONORABLE GEORGE W. MILLER
Judge

APPEARANCES:

For the Plaintiff:

RICHARD J. CONWAY, Esquire
NICHOLAS W. MATTIA, JR., Esquire
Dickstein Shapiro Morin & Oshinsky
2101 L Street, N.W.
Washington, D.C. 20037-1526
(202) 828-2235

TODD L. GOODMAN, Esquire
Conectiv
P.O. 231
Wilmington, Delaware 19899-0231
(302) 429-3786

MR. CONWAY: Let me get my chart, Your Honor. Yes, Your Honor, I do. Atlantic City sold Salem units one and two to PSEG Power; Peach Bottom units two and three to PSEG and PECO; and Hope Creek to PSEG Power. That's what happened.

THE COURT: And those entities, PSEG and PECO, were the purchasers?

MR. CONWAY: They were.

THE COURT: Okay. And I'm using as a term of art, in terms of the party liable to pay the NWF fee.

MR. CONWAY: Well, then, that's not the case. I don't concede that. In fact, let me bring up a point of a regulation. The government cites to the contract when they say in the contract, that PECO or PSEG was 'purchaser.' And I can submit this in a post-hearing brief or as the Court wishes. But in the original draft of the standard contract, when the contract said -- identified the parties, it simply identified who the parties were. It subsequently -- I'll give you the Federal Register cite, Your Honor, 48 FR 16590-01, and you cite it to 48 FR 16590. And this is the Federal Register, Monday, April 18, 1983. And where they change the contract and the DOE says in the Federal Register, 'in the first paragraph identifying the signatory parties, the parenthetical phrase '(hereinafter referred to as the 'purchaser')', was moved for clarity directly after the

purchaser's name. Also, as suggested by several commentators and recognizing that the purchaser could represent several corporate entities having ownership rights in a particular reactor facilities, the words 'acting on behalf of itself and others' may be added as applicable after purchaser.' It makes exactly our point, which is not that the purchaser was only the company that signed, but was also acting on behalf of the others. And this regulation, that proves that. That's the point I wanted to make.

THE COURT: Okay. Thank you, very much, Mr. Conway.

MR. CONWAY: Thank you. I'll submit that, Your Honor, if you'd like.

THE COURT: What are you referring to?

MR. CONWAY: The Federal Register cite I just read.

THE COURT: Well, I guess I would be looking a gift horse in the mouth if I said, no, and it might be difficult for us to locate being 1983. So, I would be most appreciative if you would do that.

MR. CONWAY: I will submit that, Your Honor. Thank you.

THE COURT: I think, gentlemen, we're concluded, unless anyone has a compelling point that he feels it necessary to make.