IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATLANTIC CITY ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04–0036C |
| v. | ) | (Judge George Miller) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO SUSPEND DEFENDANT'S
OBLIGATION TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court suspend defendant's obligation to respond to plaintiff, Atlantic City Electric Company's ("Atlantic City"), amended complaint pending the Court's decision upon our motion to dismiss.[1]

BACKGROUND

On January 14, 2004, Atlantic City filed a one-count complaint asserting a takings under the Fifth Amendment of the Constitution based upon the Government's failure to begin acceptance and disposal of spent nuclear fuel ("SNF") pursuant to the Standard Contract. On May 12, 2004, defendant filed a motion pursuant to RCFC 12(b)(1) to dismiss Atlantic City's complaint for failure to state a claim upon which relief may be granted.

On August 6, 2004, Atlantic City filed an extensive opposition to our motion to dismiss. On September 24, 2004, we filed a reply to Atlantic City's opposition. On December 2, 2004, the night before oral argument was scheduled to be held on the Government's motion to dismiss, Atlantic City filed an amended complaint. In its amended complaint, Atlantic City added counts

[1] If the Court denies this motion, defendant respectfully requests that it be permitted 30 days after the Court's order within which to file our response to Atlantic City's amended complaint.

for both a breach of contract and a breach of the implied covenant of good faith and fair dealing. Atlantic City explained in its amended complaint that, although it had assigned its contract rights to both Philadelphia Energy Company ("PECO") and PSEG Power LLC ("PSEG"), because the Government has challenged the validity of certain assignments in other cases, "[t]o the extent that the Court concurs with DOE on this point, and does not agree with Atlantic that its transfer of claims is valid, Atlantic hereby asserts claims for breach of contract and breach of the duty of good faith and fair dealing." Amend. Compl. ¶ 61.[2]

## DISCUSSION

This Court possesses the inherent power to order the conduct of litigation as necessary to achieve the just, speedy, and inexpensive resolution of every action. Landis v. North Am. Co., 299 U.S. 248, 254 (1936); RCFC 1. As we established in our motion to dismiss Atlantic City's original complaint, Atlantic City has failed to state a takings claim upon which relief may be granted. Atlantic City has admitted that it amended its complaint as a protective measure in the event that the Government may, at some point in the future, challenge the assignment in PSEG. However, to date, the Government has not challenged any assignment to PSEG, having been unaware of the assignment until Atlantic City filed its amended complaint, and is currently attempting to obtain information about it so that it can evaluate the assignment. Under these circumstances, where the sole basis for Atlantic City's amended complaint is an event which has not, and may not occur, there is no reason for the Government to respond to Atlantic City's

---

[2] Indeed, counsel for Atlantic City conceded at oral argument on the Government's motion to dismiss that it amended its complaint "as a protective matter, to protect our situation," in the event the Government challenged the assignment of the Standard Contract from Atlantic City to PSEG. See Transcript at 31, lines 5-16 (Dec. 3, 2004).

amended complaint at this time. In other words, the interests of efficiency, economy, and justice all militate in favor of staying the United States' obligation to respond to Atlantic City's amended complaint. See, e.g., First American Bank, N.A. v. United Equity Corp., 89 F.D.R. 81, 87 (D.D.C. 1981) (acknowledging that when a defendant has moved to dismiss upon jurisdictional grounds, it is appropriate for the trial court to defer consideration of plaintiff's motion for summary judgment until jurisdiction has been established).

## CONCLUSION

For the reasons stated above, defendant respectfully requests that the Court grant its motion and suspend the time within which defendant must respond to plaintiff's amended complaint until the Court has ruled upon defendant's pending motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: 202-305-7583
Fax: 202-307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

December 14, 2004

CERTIFICATE OF FILING

I hereby certify that, on this 14th day of December, 2004, a copy of the foregoing "DEFENDANT'S MOTION TO SUSPEND DEFENDANT'S OBLIGATION TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner