**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ATLANTIC CITY ELECTRIC COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-0036G** |
| | ) | **(Judge George Miller)** |
| **UNITED STATES,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SUSPEND DEFENDANT'S OBLIGATION <u>TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT</u>**

Pursuant to Rule 12 of the Rules of the United States Court of Federal Claims ("RCFC"), Atlantic City Electric Company's ("Atlantic") hereby files its Response to Defendant's Motion to Suspend its Obligation to Respond to Plaintiff's Amended Complaint, filed on December 14, 2004 ("Defendant's Motion"). By its Motion, the Government is requesting that the Court suspend its obligation to respond to Atlantic's Amended Complaint until thirty days *after* the Court has ruled on the Government's pending Motion to Dismiss. In light of the Government's complete failure to articulate a reasonable basis to suspend its response obligations beyond the ten days required by RCFC 12 and in the interests of prompt and efficient administration of justice, Atlantic opposes the Government's motion and requests that the Court limit Defendant's time to respond to Atlantic's Amended Complaint to the ten days provided by Rule 12(a)(2)(A).

Rule 12, which relates to the filing of responsive pleadings by the Government, including responses to amended complaints filed pursuant to Rule 15(a), provides (in pertinent part):

> (a) When Presented
>
> (1) The United States shall file its answer to the complaint within 60 days after service of the pleading in which the claim is asserted.
>
> (2) Unless as different time is fixed by court order, the service of a motion permitted under this rule or RCFC 56 alters these periods of time, as follows:
>
> (A) if the court denies or partially denies or partially allows the motion or postpones its decision until the trial on the merits or the motion is withdrawn, *the responsive pleading shall be filed within 10 days after notice of the court's action*, or the date on which the motion is withdrawn, or by the date the response otherwise would have been due, whichever is later.

(Emphasis added). The Government filed its motion to dismiss Atlantic's takings claim in lieu of answering the original complaint on May 12, 2004. Atlantic filed an Amended Complaint pursuant to RCFC 15(a) on December 2, 2004, adding claims for breach of contract and breach of the duty of good faith and fair dealing. The filing of Atlantic's Amended Complaint was prompted by the Government's stated position that the assignment of pre-sale claims were illegal. As of the date of the filing of this Response, the Court has not ruled on the Government's Motion. Pursuant to RCFC 12(a)(2)(A), the Government's response to the Amended Complaint must be filed within *ten* days after notice of the court's action.

In its present Motion, the Government has failed to articulate a basis to extend its response obligation beyond the ten days required by the rules. Atlantic, on the other hand, filed its original complaint nearly one year ago and has been stymied in its attempts to prosecute its case while the Government has pursued its now standard motions practice. Atlantic then filed its Amended Complaint in an effort to prevent the Government from taking inconsistent legal positions and otherwise receiving a windfall. A timely and prompt response to the Amended Complaint is therefore

necessary in the interests of efficient and fair administration of justice. Accordingly, Atlantic respectfully requests that the Court deny the Government's Motion to Suspend its Obligation to Respond to Plaintiff's Amended Complaint and order that the Government's responsive pleading be filed within ten days of the Court's issuance of its decision regarding the pending Motion to Dismiss.

Dated: January 3, 2005

Respectfully submitted,

/s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

*Counsel of Record for*
*Atlantic City Electric Company*

Of Counsel: David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Todd L. Goodman
CONECTIV
P.O. Box 231
Wilmington, DE 19899-0231
(302) 429-3786

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2005, a copy of the foregoing "Plaintiff's Response to Defendant's Motion To Suspend Defendant's Obligation to Respond to Plaintiff's Amended Complaint" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine



DSMDB.1864731.1