IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ATLANTIC CITY ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0036G |
| | ) | (Judge George Miller) |
| UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE STANDARD CONTRACTS**

On December 14, 2004, Defendant, the United States, requested leave to file copies of the Standard Contracts at issue in this case. While Plaintiff, Atlantic City Electric Company ("Atlantic") takes no position regarding the introduction of the Standard Contracts involved in this case, Atlantic opposes and rejects Defendant's mischaracterization of Atlantic's status under the Standard Contract.

Atlantic is an express intended beneficiary under the Standard Contract. On June 1, 1983, Philadelphia Electric Company entered into the Peach Bottom Standard Contract and signed on its own behalf and on behalf of the joint owners of Peach Bottom Station. On June 13, 1983, Public Service Electric & Gas entered into both the Salem and Hope Creek Standard Contracts on its own behalf and on behalf of the joint owners of Salem and Hope Creek Stations respectively. As one of several co-owners of Peach Bottom, Salem, and Hope Creek (the "Nuclear Stations"), Atlantic was an express intended beneficiary of each of the Standard Contracts covering the nuclear units that comprise the Nuclear Stations.

Each of the above-referenced Standard Contracts, with minor variations, states that it was being entered by the signatory "acting on its own behalf as managing utility . . . *and on behalf of* the joint owners . . . Atlantic City Electric Company." (Emphasis added).[1] Atlantic is not claiming that it is necessarily the defined "purchaser" under the Standard Contract, nor did counsel for Atlantic so represent during the December 3, 2004 hearing in this matter. This is because the Standard Contract allows only one party to sign the contract, that being the "purchaser." However, the "purchaser" acts as an agent to enter the agreement on behalf of the express intended beneficiaries of the Standard Contract. The fact that there is only one denominated "purchaser" under the Standard Contract, as established below, does not alter the fact that Atlantic is expressly named on the face of the Standard Contract.

The legislative history of the Standard Contract further supports Atlantic's position. The original draft of the Standard Contract simply identified the parties. That draft was subsequently changed, as described by the Department of Energy ("DOE") such that

> "[i]n the first paragraph identifying the signatory parties, the parenthetical phrase '(hereinafter referred to as the "Purchaser")' was moved for clarity directly after the purchaser's name. Also, as suggested by several commentators and recognizing that the Purchaser could represent several corporate entities having ownership rights in a particular reactor facility, the words 'acting on behalf of itself and others' may be added, as applicable, after Purchaser."

[1] While we believe that the Standard Contract unambiguously shows that Atlantic is an express intended beneficiary to the agreement, to the extent there is any ambiguity, the Standard Contract should be construed against the Department of Energy, the Standard Contract's drafter. See HPI/GSA 3C, LLC v. Perry, 364 F.3d 1327 (Fed. Cir. 2004) (applying the principle of *contra proferentum* and construing the contract against the General Services Administration).

48 Fed. Reg. 16590-01, at 16590-01 (April 18, 1983) (Final Rule).

Furthermore, in that same April 18, 1983 Final Rule, DOE made an additional change to the Standard Contract that confirms that all parties listed in the Standard Contract, and not just the "Purchaser," were obligated to pay the fee into the Nuclear Waste Policy Fund. Specifically, the fourth Whereas clause of the Standard Contract was revised to read as follows:

> "Whereas, the DOE is required to collect a full cost recovery fee *from owners and generators* delivering to the DOE such spent nuclear fuel and/or high level radioactive waste."

Standard Contract, page 2. (emphasis added). The original draft of the Standard Contract only obligated "purchasers" to pay the fee. As the Final Rule makes clear, "in the fourth 'Whereas' clause, the words "from any Purchaser" have been replaced with the words, 'from owners and generators' to conform with the Act." Id. at 165901. DOE changed the Standard Contract language to extend the obligation to pay the fee to "owners and generators," in lieu of the original language that obligated only the "purchaser." Id.

As such, Defendant's baseless claims in the December 3, 2004 oral argument in this case that "the contract, itself, provides that only the purchaser of a utility has to pay the fee" are entirely without merit and plainly incorrect. See Dec. 3, 2004 Oral Hearing Tr., at 19, ll. 24-25. Mr. Gardner further contended

> "[t]o the extent that Atlantic, as a minority interest holder, paid or contributed to such fees, such an act was not required by the contract, but was totally voluntary. If Plaintiff feels that it paid too much into these fee, that its recourse is with PECO and PSEG, not the government. The government never compelled Atlantic City to pay anything ever, because it had no contractual obligation to do so."

Id., at 20, ll. 13-20. This representation made to the Court by the Government on December 3 is utterly belied by the contract language itself. To the extent that Defendant seeks to include this argument in the present motion, Atlantic strongly objects and has demonstrated that its status under the Standard Contract is quite to the contrary.

Dated: January 3, 2005

Respectfully submitted,

/s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

*Counsel of Record for*
*Atlantic City Electric Company*

Of Counsel: David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Todd L. Goodman
CONECTIV
P.O. Box 231
Wilmington, DE 19899-0231
(302) 429-3786

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2005, a copy of the foregoing "Plaintiff's Response to Defendant's Motion for Leave to File Standard Contracts" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine